## Case No. 2,144.

### BURDEN v. CORNING et al.

[23 Hunt, Mer. Mag. 528.]

Circuit Court, N. D. New York. July 5, 1850.[1]

PATENTS — MACHINE FOR ROLLING PUDDLE BALLS —NOVELTY—VALIDITY—INFRINGEMENT.

[1. A patentee took a patent for a new process, mode, or method of converting puddler's balls into blooms in rolling mills, which consisted in rolling the ball between reciprocating plates or tables, or between a revolving cylinder and a stationary curved segmental trough. Evidence was given of previous use of machines for milling and condensing the edges of coin and buttons, and also of other machines for similar uses; and of a machine for making bullets by pressure, which were like the revolving cylinder and curved segmental trough of plaintiff, except that the peripheries of both were grooved. Held, that such machines for making bullets and milling buttons and coin did not show a want of novelty in the patentee, because the process used in them, the purpose for which it was used, and the objects accomplished, were substantially different.]

[2. The patent was for a "machine used in the manufacture of iron, commonly called a squeezer, and used for converting puddler's balls into blooms, in rolling mills, and to roll the balls between reciprocating plates or tables, or between a revolving cylinder and a stationary segmental trough with stationary flanges." Held, that the patent was for a new process, mode, or method of converting puddler's balls into blooms by continuous pressure and rotation between converging surfaces.]

[See note at end of case.]

[3. Defendants' machine compressed the balls between a rotating cam and two small rotating cylinders. Held that, if it converted the balls into blooms by continuous pressure and rotation between converging surfaces, it would infringe complainant's patent, although its mechanical construction and action were different.]

[See note at end of case.]

---

[1] [Reversed in Corning v. Burden, 15 How. (56 U. S.) 252.]

This was an action brought [by Peter A. Burden] for the violation by the defendants [Erastus Corning and John F. Winslow] of patent [No. 1,890] granted to Henry Burden, of Troy, on the 10th of December, 1840, and thereafter assigned to plaintiff. [Verdict for plaintiff.]

Before CONKLING, District Judge.

The defendants set up three grounds of defense: 1st. That the patent was void for multiplicity of claim. 2nd. That it was void for want of novelty. 3rd. That the defendants had not infringed. To sustain the second ground of defence the defendants introduced a patent for a machine for making bullets by pressure, granted to Thomas Bruff, in 1813, and proved its use in Washington city in 1811, and also introduced reciprocating and rotary machines for milling the edges of buttons, used in Waterbury, Connecticut, as early as 1832, and also reciprocating and rotary machines for milling the edges of coin, used in the mint of the United States at Philadelphia as early as 1833. The Bruff machine rolled bullets of lead between a revolving cylinder and a stationary curved segmental trough, the surface of the trough gradually approaching the surface of the cylinder, and the peripheries of both being grooved.

Upon the objection that the patent was void for multiplicity of claim, the judge ruled in favor for the plaintiff. Upon the other points raised by the defendants, the court charged the jury as follows, and under those instructions the jury rendered a verdict for the plaintiff of $100:

1. That the patent is for a new process, mode, or method of converting puddler's balls into blooms by continuous pressure and rotation of the ball between converging surfaces, thereby dispensing with the hammer, alligator jaws, and rollers accompanied with manual labor, previously in use to accomplish the same purpose, and that the patent secures to the patentee the exclusive right to construct, use, and vend any machine adapted to accomplish the objects of his invention as above specified, by the process, mode, or method above mentioned.

2. That the machines for milling buttons, milling coin, and rolling shot, do not show a want of novelty in the invention of the patentee as above specified, because the process used in them, the purpose for which it was used, and the objects accomplished by them, were substantially different from those of Burden's patent.

3. That the machine used by the defendants is an infringement on the plaintiff's patent if it converts puddler's balls into blooms by the continuous pressure and rotation of the balls between converging surfaces, although its mechanical construction and action may be different from the machine used by the plaintiff; and, under these instructions, the jury, without retir-

ing, rendered a verdict for the plaintiff for $100. (Which amount was previously agreed on by the counsel for the respective parties, the plaintiff having been the owner of the patent but a few days when the suit was brought.)

The defendants' counsel excepted to the charge of the learned judge.

[NOTE. The defendants brought error, and the supreme court reversed the judgment entered below upon the verdict, upon the ground that the court erred in construing plaintiff's patent to be for a process, and not for a machine, and so instructing the jury; and also because of the exclusion of testimony offered in behalf of defendants, to prove the capabilities of the alleged infringing machine in rolling the balls, and to prove the differences as to mechanical construction and mechanical action between it and the machine of plaintiff, and also because of error in excluding evidence that the practical manner of giving effect to the principles embodied in defendants' machine differed from the practical manner of giving effect to the principle embodied in plaintiff's machine; that the principles of the two machines were different, and that the machine used by defendants produced by its action on the iron a different mechanical result on a different mechanical principle from that produced by the machine of plaintiff. Corning v. Burden, 15 How. (56 U. S.) 252.]